## Keeton v. Smith.

(Decided May 12, 1914.)

### Appeal from Whitley Circuit Court.

Assumpsit.—In an action in assumpsit for goods sold and delivered, there was but one issue of fact and that was whether the goods were sold to appellant. The question was submitted upon a proper instruction, and the evidence examined and held sufficient to support the verdict in favor of the plaintiff.

HENRY C. GILLIS for appellant.

H. L. BRYANT for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action in assumpsit for goods sold and delivered. The petition is in the usual form.

Appellant answered, traversing all the material allegations, and upon trial the jury found for appellee $225, the amount claimed.

Appellant, C. H. Keeton, had a son named H. C. Keeton, referred to in the proof as Harry. Harry had been running an ice cream parlor in Williamsburg; his outfit had been sold by the sheriff in the Fall of 1909. In the spring of 1910 appellant had in mind a plan to set his son up in business again with an ice cream parlor, and was making inquiry as to where he could find for sale suitable fixtures. Jellico, a nearby town, had gone "dry," and he heard of some bar room fixtures over there that would answer the purpose. He sent his attorney in company with his son, Harry, to Jellico to inspect them, and received a favorable report. These fixtures belonged to one Brummett, and Brummett was indebted to the appellee Smith, who also lived in Jellico. Under an arrangement that Smith should get the proceeds of the sale of these fixtures for application on his debt, Smith was naturally interested in their sale, and hearing of the trip of appellant's attorney and son to Jellico, Smith went over to Williamsburg to see appellant about it. According to Smith's testimony appellant offered to pay $215, and the trade was practically closed there if Brummett would agree to that price. Smith returned to Jellico, and finding that Brummett insisted upon $225, he called appellant by telephone, and so reported, and appellant replied, "Count that a deal,

and ship the stuff.'' Under these instructions appellee had Brummett crate the stuff, cart it to the Jellico depot, and ship it to the appellant. The bill of lading showed that Brummett shipped the stuff, and from that fact, as well as the circumstances related above about Brummett's indebtedness to Smith, appellant insists that Smith was not the owner of the fixtures, and had no right to sell them. Smith's testimony is undenied that he bought the stuff from Brummett, and credited the debt accordingly, and that Brummett in making the shipment acted as his agent. Brummett does not claim the goods, nor the proceeds, and never has, although he surrendered possession of them more than two years before the trial.

The theory of appellant's defense is that the goods were sold to his son, H. C. Keeton. From the similarity of appellant's name to that of his son, one might suppose a chance for mistake in identity, but no such question is raised. There is no evidence to show that the goods were sold to the son aside from the fact that the son has them in his possession, and has had practically ever since they were taken from the depot in Williamsburg, nearly two years before the suit was filed. The son does not testify. The father, appellant here, is the only witness in his behalf, and he merely denies the conversasation that appellee Smith relates over the 'phone, and when Smith came to Williamsburg. He does not deny sending his attorney over to Jellico with his son to look at the stuff.

Appellant insists that there was no delivery, but we think this is untenable in the face of the fact that the goods were delivered to the carrier, and billed to him. If the jury believed appellee Smith's statement of the sale, then a delivery to the carrier was a delivery to appellant.

Under the proof there was but one issue of fact, and that was whether the goods were sold to the appellant. The court instructed the jury properly on that question, and although there was no proof of any sale to his son, the court submitted that question also to the jury, and they were told if they believed the stuff was sold to the son that they should find for the appellant. If the court on this theory of appellant's defense submitted an instruction to the jury when there was no proof to support it, it was more favorable to appellant than he had any right to expect. There being but the one question,

whether the sale was made to appellant, and the proof conflicting on it, we see no reason to disturb the finding of the jury when that question was fairly submitted to them.

The judgment is therefore affirmed.